## ADULTERATION OF MAPLE SYRUP.

Circuit Court of Cuyahoga County.

### H. Y. SCANLON v. STATE OF OHIO.

Decided, May, 1909.

*Criminal Law—Selling Adulterated Maple Syrup—When Affidavit Sufficient—Evidence Required for Conviction.*

1. In a prosecution for selling adulterated maple syrup, a charge that the accused sold a package containing "a half pint, more or less," is sufficient, as the offense consists in selling a package, whether great or small.

2. It is not necessary in the affidavit charging such offense to set out in full a copy of the label on the package, but it is sufficient to state that it had on it the word "maple."

3. The evidence is sufficient to warrant a conviction for selling adulterated maple syrup if it shows that the substance sold contained anything not produced by the evaporation of pure sap from the maple tree.

*T. J. Ross* and *T. Quigley,* for plaintiff in error.
*John A. Cline,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Scanlon was prosecuted before a justice of the peace upon an affidavit charging that he sold to one C. H. Waid one half pint, more or less, of an adulteration of maple syrup that was not then and there the unadulterated product produced by the evaporation of pure sap from the maple tree, and that the said package containing said adulterated maple syrup sold as aforesaid, had on it the word "maple" as a part of the name of said syrup, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Ohio.

The result of the prosecution was that Scanlon was found guilty.

Upon proceedings in error taken to the court of common pleas by Scanlon this judgment was affirmed, and the present proceeding is prosecuted for the purpose of reversing the judgment of the two lower courts.

It is claimed, first, that the affidavit upon which the prosecution was based was insufficient. The sufficiency of this affidavit was challenged before the justice of the peace both by motion to quash and by demurrer, both of which were overruled. It is said that the quantity charged to have been sold, which in the affidavit is averred as "one half pint, more or less," is insufficient. The claim is not well taken. It was not necessary that the quantity should have been specified at all. The language of the statute, which is Section 4200-66, reads:

"Any person who shall offer for sale or sell or deliver any adulterated syrup   *   *   *   maple syrup in any package having the word 'maple' or any compounding of this word, as the name or part of the name of the syrup, shall, upon conviction, be punished," etc.

The offense, then, consists in the selling of a package, whether great or small, of the adulterated product, labeled in violation of the law.

To say that the words "a certain quantity to-wit, one half pint, more or less," do not charge that anything is in the package is denying the plain import of the words. If one says, "I own land, an acre, more or less," when he owns no land, states what is not true, and if one being examined as a witness, under oath, where the fact of his ownership of land was material to the issue on trial should say, in answer to the question, "Do you own any land, and if so, how much?" "I do own land, an acre, more or less," when he owned no land at all, would be guilty of perjury. This is a sufficient answer to the objection made as to the quantity.

It is said, however, that the label should have been set out in full instead of simply averring that package sold had on it the word "maple" as a part of the name of the said syrup. This objection is not well taken. The accused was sufficiently advised by this language of what claim was made against him, and the affidavit was sufficient, under Section 7215 of the Revised Statutes of Ohio, providing what defects in an indictment are not fatal, the last clause of which section (speaking of what shall not be fatal to an indictment), reads: "Nor for any other de-

fect or imperfection which does not tend to the prejudice or substantial rights of the defendant upon the merits."

There was no error in overruling the demurrer to this affidavit, nor in overruling the motion to quash.

It is urged, however, that the facts as shown by the bill of exceptions did not warrant the conviction. It was shown that the package sold had upon it the words, "Ohio Maple Syrup" or had the words "Western Reserve Ohio Maple Syrup." As to which of these labels was upon the package we are unable to say because the package is not before us. We have, however, assumed that it was once attached to the bill of exceptions, as we find a string upon the bill which would indicate that something had been attached, and we are not disposed to refuse to consider the bill because it seems by some accident to have been, probably inadvertently, and perhaps by the judge of the common pleas court, taken from the bill. We find from the evidence that the plaintiff in error had upon some of his packages the words "Ohio Maple Syrup," and upon others "Western Reserve Ohio Maple Syrup." Either of these labels would be a violation of the statute, provided the article sold was not pure maple syrup or pure maple sugar.

The statute defining what shall constitute maple sugar and maple syrup is Section 4200-66 and reads:

"That maple sugar, or pure maple sugar, and maple syrup, or pure maple syrup, shall be the unadulterated product produced by the evaporation of pure sap from the maple tree."

Section 4200-62 shows and provides that "any substance purporting to be maple syrup or maple sugar, not made in compliance with Section 1 of this act 4200-62 shall be deemed an adulterated substance of maple syrup and maple sugar.

We have given no consideration to the weight of this product nor to the analysis of it further than to ascertain from the evidence of the plaintiff in error himself that it was not produced by the evaporation of pure sap from the maple tree. He says that by his process he obtained pure syrup from the maple tree, but he says that there was combined with it a pro-

duct of the sugar cane which he calls "Sucrose." Whether it is as good as pure syrup or pure maple sugar, or is better or worse, is a matter of indifference so far as this case is concerned. It was not made up by the evaporation of the pure sap of the maple tree. That being so, the sale of it labeled as this was shown to be, was a violation of the statute, and the court was justified in finding the accused guilty, and the action of the court of common pleas in affirming the judgment of guilty was correct, and that judgment is affirmed.